IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Michelle Evans,<br><br>*Plaintiff*,<br><br>v.<br><br>José Garza, in his official capacity as Travis County District Attorney,<br><br>*Defendant* | **ORIGINAL COMPLAINT**<br><br>Civil Action No. 1:23-cv-727 |

Plaintiff Michelle Evans brings this civil action against Defendant José Garza, in his official capacity as Travis County District Attorney, and alleges as follows:

**Introduction**

1. This case involves when and whether it is a crime for a person to publish a tweet.

2. Is it a crime for a woman to tweet a photograph, taken and initially posted by another, of a male politician at the sink in the ladies' room at the Texas capitol during a fierce debate on legislation prohibited transgender treatments for children? Or is such a tweet protected under the First Amendment?

**Jurisdiction and Venue**

3. This Court has jurisdiction over the subject matter of this suit pursuant to 28 U.S.C. §§ 1331 and 1343. This civil action arises under the First and Fourteenth Amendments of the

United States Constitution and 42 U.S.C. § 1983. Plaintiff seek a declaration of their rights in this case of actual controversy within the Court's jurisdiction pursuant to 28 U.S.C. §§ 2201-02.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 139l(b). The Defendant resides in Texas and his office is located in this judicial district, and the District Attorney performs his official duties in this district. In addition, a substantial part of the events giving rise to this claim occurred in this district.

## Parties

5. Plaintiff Michelle Evans is an individual residing in Williamson County, Texas.

6. Defendant José Garza is the Travis County District Attorney. He is charged with investigating and prosecuting felonies, including state jail felonies, under Texas law. He is sued in his official capacity.

## Statement of Facts

7. On May 12, 2023, Plaintiff Michelle Evans visited the Texas Capitol to observe the debate in the Texas House of Representatives over Senate Bill 14, a measure designed to prohibit the provision to children of certain procedures and treatments for gender transitioning, gender reassignment, or gender dysphoria. Evans sat with a group of other activists, primarily women, who were supportive of the legislation. Also in attendance were a large number of transgender activists who opposed the bill.

8. During the early part of the day, as the debate on SB 14 was beginning, Evans and some other women from her group went to the first floor of the Capitol to use the restroom. When they were there, they found the restroom occupied by a biological male using the name Nova Martin.

9. Martin presented himself as a male as recently as two years ago. Now, he presents himself as a woman, and on the website where he publishes erotic poetry about sexual relations with women, describes himself as "America's favorite transwoman feminist lesbian druidess poet."[1] Martin says his work is "centered around critiques of economics, hegemonic magic, patriarchy, power and powerlust," though he leaves "ample space for tangents of love poetry" and "sapphic eroticism."

10. In addition to his transgender activism, Nova Martin is a candidate for public office, having publicly announced his intent to run for state representative for Texas House District 64.[2]

11. When Evans noticed Martin in the ladies' restroom, she waited to enter the restroom until he left. Upon his departure, she confronted Martin that his restroom (the men's room) was across the hallway. Martin responded, explaining that he was legally entitled to use the ladies' restroom. Evans then used the restroom and returned to her seat in the Texas House gallery.

12. As Evans was sitting in the gallery, one of her seatmates pointed out that someone from their group had taken a photo of Martin while he was at the sink in the ladies' restroom and had posted it to Facebook. In the photo, hereinafter referred to as the "Martin Photograph," Martin is seen washing his hands at the sink in the ladies' restroom, fully dressed in black, with his face obscured from the camera by a pink wig. Evans did not know the person who had initially posted the Martin Photograph to Facebook (and had presumably taken it).

---

[1] https://novamartinpoetry.com/about/
[2] https://novafortexas.com/

13. Evans copied the Martin Photograph from Facebook and tweeted it along with the caption: "I'm sure it won't be the last time today, but just had to tell this man to stop using the women's restroom at the Capitol. There are young girls here on school field trips. Take your delusion and fetish TF out of our spaces. #TransWomenAreMen #ProtectFemaleSpaces #txlege."

14. After a period of time, a group of transgender activists noticed the tweet. They began retweeting it, quote-tweeting it, and replying to it. Many presumed (incorrectly) that Evans has taken the Martin Photograph and complained that it was illegal for her to take the photo and also illegal for her to tweet the photo. Some of the activists professed they were filing police reports against Evans with the Travis County District Attorney's office.

15. That evening, as the vote on SB 14 was about to take place, Evans was confronted by officers of Department of Public Safety and asked to come downstairs for questioning. The officers explained that Defendant José Garza was "getting a lot of phone calls" about Evans' tweet of the Martin Photograph and that she needed to answer their questions about the tweet and photo. Evans explained to the DPS officers that she had not taken the Martin Photograph and had only tweeted it out after it had been posted to Facebook by another person.

16. Evans was taken to a holding room near the entrance to the Capitol. After she spoke with her attorney, she asked whether she was free to leave. She was immediately told to wait in the room until she was given further instructions. She was then instructed that she could leave only if she surrendered her phone to DPS. By this time, Evans was being assisted by State Rep. Briscoe Cain, an attorney who had been informed of the situation. Cain instructed Evans to surrender the

phone. DPS took possession of the phone and gave Evans an evidentiary receipt. Evans then left to meet with another attorney.

17. On May 20, 2023, Evans' attorney spoke with Lt. Verdeja of DPS. Verdeja explained that DPS was, at that time, investigating the matter at the request of Defendant Garza and that DPS would have some questions for Evans. Verdeja confirmed the investigation of Evans was related to TEX. PEN. CODE § 21.15, "Invasive Visual Recording," a state jail felony.

18. After hearing nothing from Verdeja for several weeks, Evans' counsel spoke with Verdeja again on June 19, 2023. Verdeja stated that DPS had "completed our end of the investigation" and had "turned everything over to the DAs office." Verdeja also stated that Evans' phone "was requested by the District Attorney's office and was released to their custody," and that "any charging decision would be left up to the DA's office."

**Count I**
**42 U.S.C. §§ 1983, 1988**
**Right to Free Speech**

19. Plaintiff repeats and realleges each of the foregoing allegations in this Verified Original Complaint as if fully set forth herein.

20. Plaintiff alleges that Tex. Penal Code §21.15(b)(2)-(3) is unconstitutional both facially and as-applied to Evans' tweet of the Martin Photograph and any future publications of the Martin Photograph.[3]

---

[3] For clarity, Evans is not challenging Section 21.15(b)(1), which prohibits transmission of photographs or video "of an intimate area of another person if the other person has a reasonable expectation that the intimate area is not subject to public view."

21. Tex. Pen. Code § 21.15 (b) and (c) states, in relevant parts:

A person commits an offense if, without the other person's consent and with intent to invade the privacy of the other person, the person:

...

(2) photographs or by videotape or other electronic means records, broadcasts, or transmits a visual image of another in a bathroom ... ; or

(3) knowing the character and content of the photograph, recording, broadcast, or transmission, promotes a photograph, recording, broadcast, or transmission described by Subdivision ... (2).

22. These sections appear to prohibit any action to "transmit a visual image of another in a bathroom ...." No obvious limitations are included in the phrase "with intent to invade the privacy of the other person."

23. The First Amendment of the United States Constitution, applicable to the States under the Fourteenth Amendment, protects the right of Texans to speak about matters of public concern, including the presence of a transgender activist, male politician in the ladies' room at the Texas Capitol during the debate on legislation regarding treatments for children pertaining to gender transitioning, gender reassignment, or gender dysphoria.

24. Evans seek a declaration that these sections of the Penal Code are unconstitutional facially and/or as-applied to Evans' tweet of the Martin Photograph or future publications of the Martin Photograph.

25. Evans also seeks nominal damages as well as the return of her seized phone.

26. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

**Preliminary and Permanent Injunctive Relief**

27. Defendant Garza's actions in investigating Evans for a violation of TEX. PENAL CODE § 21.14(b)(2)-(3) on account of her tweet of the Martin Photograph has deprived and will

– 6 –

continue to deprive Evans of her fundamental rights protected by the First and Fourteenth Amendments. Because of the risk of prosecution on account of future publications of the Martin Photograph, Evans is harmed not only by the unjustified seizure of her phone, but Defendant's investigation of Evans is having a chilling effect on Evans' further speech. Money damages cannot adequately compensate for these constitutional injuries and, absent injunctive relief, the injuries will be irreparable. Accordingly, appropriate preliminary and permanent injunctive relief is necessary.

## Bench Trial Requested

28. Plaintiff requests a bench trial on all matters submitted to a trier of fact.

## Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter Judgment in favor of Plaintiff;

B. Declare that TEXAS PENAL CODE §21.15(b)(2)-(3) violates the First and Fourteenth Amendments of the United States Constitution, facially and/or as applied to Plaintiff Evans' tweet and future publications of the Martin Photograph;

C. Issue preliminary and permanent injunctive relief enjoining Defendant Garza from investigating, prosecuting, or otherwise enforcing TEXAS PENAL CODE §21.15(b)(2)-(3) against Evans on account of her tweet or future publications of the Martin Photograph, including ordering Defendant Garza to return Evans' phone to her;

D. Award Plaintiff nominal damages;

E. Award Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

F. Grant any and all other further relief to which Plaintiff may be justly entitled.

Dated: June 23, 2023

        Respectfully submitted,

        **THE LAW OFFICES OF TONY MCDONALD**

        By: <u>/s/ Tony McDonald</u>

        Tony McDonald
        State Bar No. 24083477
        tony@tonymcdonald.com
        Connor Ellington
        State Bar No. 24128592
        connor@tonymcdonald.com
        1501 Leander Dr., Ste. B2
        Leander, TX 78641
        (512) 200-3608 (Tel)
        (815) 550-1292 (Fax)
        *Counsel for Plaintiff*