UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE EVANS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-727-RP |
| | § | |
| JOSE GARZA, in his official capacity as Travis County District Attorney, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

Before the Court is Plaintiff Michelle Evans's ("Plaintiff") motion for a temporary restraining order and motion for a preliminary injunction, (Dkt. 8). After considering the motion and the relevant law, the Court finds that the motion should be denied.

**I. BACKGROUND**

Plaintiff alleges the following facts: On May 12, 2023, Plaintiff visited the Texas Capitol to observe the House of Representative's debate over Senate Bill 14, which prohibits gender-affirming medical care for transgender minors. (Mot. TRO, Dkt. 8, at 2). Evans sat with other supporters of the bill to advocate for its passage, while many protestors also attended the debate to oppose the bill. (*Id.*).

One of the activists opposing the bill's passage was Nova Martin, a poet, candidate for Texas House District 64, and transgender woman. (*Id.* at 3). At some point during the day, Martin used the public women's restroom at the Texas Capitol. (*Id.*). Evans confronted Martin as she left the bathroom, stating that Martin should have instead used the men's room. (*Id.* at 3). After Evans returned to her seat, one of her seatmates showed her a photo that someone had taken of Martin at

the sink in the women's restroom and posted to Facebook. (*Id.*). Evans copied the photo from Facebook and posted it to her Twitter with a caption suggesting that transgender women should not be allowed to use the women's restroom at the Capitol. (*Id.*). Evans's post quickly became the subject of controversy on Twitter, with many commenters criticizing Evans for posting a photo of another person while in the restroom. (*Id.*). Evans alleges that many people falsely assumed that she had taken the photo. Many of the online commenters stated that they were filing police reports against Evans with the Travis County District Attorney's Office. (*Id.* at 4).

Later that evening, while still at the Capitol, Department of Public Safety ("DPS") officers questioned Evans about the photo. (*Id.*). Evans explained that she had not taken the photo, but simply re-posted it onto Twitter from Facebook. (*Id.*). DPS instructed Evans that she would be free to leave if she surrendered her phone, which she did. (*Id.*).

On May 20, Evans spoke with another DPS officer who explained that it was investigating the matter at the request of Travis County District Attorney Jose Garza ("Garza") and that the phone was in Garza's custody. Allegedly, the officer stated that the investigation was related to Texas Penal Code § 21.15, which criminalizes the intimate visual recording of another without consent.

On June 27, 2023, Plaintiff filed suit. (Compl., Dkt. 1). On June 29, she filed her motion for a temporary restraining order and preliminary injunction. (Mot., Dkt. 8). Plaintiff alleges that Texas. Penal Code § 21.15(b)(2)–(3) is unconstitutional on its face and as applied to Evans' tweet of the photograph and any future publications of the photograph. She seeks an emergency injunction preventing Garza "from investigating, prosecuting, or otherwise enforcing Texas Penal Code § 21.15(b)(2)–(3) against Evans" and ordering Garza to return Evans' phone to her. (Mot. TRO, Dkt. 8, at 7).

## II. LEGAL STANDARD

### A. Temporary Restraining Order

The party moving for a TRO must establish that: "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the [TRO] will not disserve the public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "A [TRO] is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citation and quotation marks).

### B. Preliminary Injunction

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A movant cannot be granted a preliminary injunction unless it can establish that it will suffer irreparable harm without an injunction. *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001).

## III. DISCUSSION

Here, the Court finds that the motion should be denied because an injunction would violate basic principles of federalism and wrongfully interfere with an ongoing criminal investigation. Under

the rule set out by the United States Supreme Court in *Younger v. Harris*, "federal courts must refrain from considering requests for injunctive relief based upon constitutional challenges to state criminal proceedings pending at the time the federal action is instituted." *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Fifth Circuit uses a three-prong test for determining whether the *Younger* abstention doctrine is applicable: "(1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges." *Id.* at 519 (citing *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996)). Courts may only disregard the doctrine if the state court proceeding was brought in bad faith, the statute is flagrantly in violation of express constitutional provisions, or the doctrine was waived.

Admittedly, it is unclear whether there is an ongoing judicial proceeding. Plaintiff states that there is an ongoing investigation into alleged violations of Texas Penal Code § 21.15, which constitutes a felony under Texas law. Based on the extremely limited evidence before the Court, the Travis County District Attorney appears to be investigating Evans (and potentially others) for violating that law. But case law is mixed on when an investigation turns into a criminal proceeding. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 n.1 (1992) (noting that *Younger* "imposes heightened requirements for an injunction to restrain an already-pending or an about-to-be-pending state criminal action"); *Mirka United, Inc. v. Cuomo*, No. 06-Civ. 14292, 2007 WL 4225487 (S.D.N.Y. Nov. 27, 2007) (finding that search warrants "are functionally connected to criminal prosecutions," and that it would "strain logic as well as both [state] and federal law to conclude that a search warrant authorized by a [ ] state judge and executed . . . is not part of an ongoing state proceeding"); *Nick v. Abrams*, 717 F. Supp. 1053, 1056 (S.D.N.Y. 1989) ("[C]ommon sense dictates that a criminal

investigation is an integral part of a criminal proceeding."); *Zinter v. Salvaggio*, 5-18-CV-00680-FB-RBF, 2018 WL 5098785, at *3 (W.D. Tex. Oct. 19, 2018) (noting that case law suggests the threat of criminal charges does not constitute a proceeding). In the closest Fifth Circuit case on point, *Texas Ass'n of Bus. V. Earle*, the circuit court held that grand jury proceedings were subject to *Younger* abstention. *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515 (5th Cir. 2004).

Here, it is unclear whether a grand jury has been impaneled, and thus whether *Younger* abstention definitively applies. But this is a motion for emergency equitable relief, and the same values that underly *Younger* apply to the balance of equities and public interest prongs under Rule 65. *See Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("The decision to grant or deny a preliminary injunction is discretionary with the district court."). The express purpose of this lawsuit, regardless of whether it should be dismissed under *Younger*, is to interfere with an ongoing state criminal investigation. "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943); *see also Deaver v. Seymour*, 822 F.2d 66, 71 (D.C. Cir. 1987) (Silberman, J.) (rejecting civil suit to enjoin government from indicting plaintiff and explaining that "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure."). Forcing Garza to immediately halt a state criminal investigation would plainly offend principles of federalism. Nor is this case akin to other declaratory judgment actions, where a plaintiff seeks to resume constitutionally protected conduct without the threat of criminal prosecution. Rather, this is a case where the Plaintiff engaged in the potentially criminal conduct and now seeks relief from the resulting investigation. As she can present the same constitutional arguments in the Texas state criminal proceedings (if they do in fact proceed), she is not entitled to emergency injunctive relief in this Court.

As to the return of Plaintiff's cell phone, the Court likewise finds that equitable factors counsel against an injunction. When a person seeks a return of seized property in pre-indictment cases, those actions "are governed by equitable principles, whether viewed as based on [Federal Rule of Criminal Procedure] 41[(g)] or on the general equitable jurisdiction of the federal courts." *Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975). The factors a court should consider when deciding whether to exercise jurisdiction include "(1) whether the government displayed a callous disregard for constitutional rights in seizing the items at issue; (2) whether the plaintiff has an individual interest in and need for the material whose return he seeks; (3) whether the plaintiff would be irreparably injured by denial of the return of the property; and (4) whether the plaintiff has an adequate remedy at law for the redress of his grievance." *Id.* at 1243–44 (cleaned up). In her motion, Plaintiff addresses none of the *Richey* factors. There is no indication the government has displayed a callous disregard for Plaintiff's rights. Rather, based on the limited pleadings, Plaintiff appears to have consented to giving her phone to DPS investigators. And there is no indication that Plaintiff has done so much as ask Garza for the return of her phone. There is no evidence of callous disregard in the motion, and Plaintiff has not appeared to exhaust other far more straightforward methods for obtaining her phone. Accordingly, the equitable factors weigh overwhelmingly against an injunction.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for a temporary restraining order and preliminary injunction, (Dkt. 8), is **DENIED**.

**SIGNED** on June 30, 2023.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE